JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MBurnette@GGTrialLaw.com*

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIAL GIRMA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CONTEMPORARY SERVICES CORPORATION, a California corporation,<br><br>Defendant. | Case No.: 2:25-cv-02534-JAD-NJK<br><br>**STIPULATION AND ORDER TO EXTEND THE DEADLINE TO FILE DISPOSITIVE MOTIONS AND PRE-TRIAL ORDER**<br><br>**(FIRST REQUEST)** |

Plaintiff Danial Girma, by and through his counsel of record, Greenberg Gross LLP, and Defendant Contemporary Services Corporation, by and through its counsel of record, Clark Hill PLLC, hereby stipulate and agree as follows:

## I. STIPULATION TO EXTEND DISPOSITIVE MOTION AND PRE-TRIAL ORDER DEADLINES

1. On March 18, 2026, the Court entered its Order granting the parties' proposed joint discovery plan and scheduling order. [ECF No. 11.] Among the deadlines set by that Order, the deadline to file dispositive motions is currently October 9, 2026.

2. The parties have been engaged in good-faith settlement discussions and have agreed to submit this matter to private mediation before a neutral mediator.
3. The parties are actively working to secure a mutually agreeable mediation date in October or November 2026. Counsel have exchanged proposed mediators and are tentatively holding November 2 and 18 as potential mediation dates. The parties' efforts to coordinate a mediation date were also affected by Defense Counsel's temporary absence, which was unexpected and unavoidable,  from the office in September 2026 due to personal matters.
4. The parties agree that it is in their mutual interest and in the interest of judicial economy for the mediation to proceed before the parties incur the time and expense of preparing, filing, and briefing dispositive motions.
5. This is the parties' first request to extend the dispositive motions deadline.
6. This stipulation is made in good faith and not for purposes of undue delay.
7. The parties recognize that, because this request is being made within twenty-one (21) days of the current dispositive motions deadline, it must be supported by a showing of good cause and excusable neglect. [See LR 26-3.] The parties submit that both standards are readily satisfied here.
8. Good cause and excusable neglect exist for the following reasons:
    a. Reason for the requested extension. The parties have been diligently pursuing an early resolution of this matter through private mediation. They have conferred regarding mediator selection and have exchanged multiple sets of proposed mediation dates, but are still working to confirm a mutually workable date due to the need to coordinate the schedules of the parties, counsel, and the selected mediator. The requested extension therefore arises from the parties' good-faith efforts to facilitate mediation and from  scheduling circumstances that were not the product of carelessness or a lack of diligence.
    b. Length of the delay and impact on the proceedings. The requested extension is modest and will not disrupt any other case management deadline that cannot likewise

be accommodated. Under the Court's scheduling order, the joint proposed pretrial order is due November 10, 2026, or thirty (30) days after resolution of dispositive motions. Accordingly, any corresponding adjustment to that deadline would flow from the requested extension and does not require any separate extension at this time.

c. Danger of prejudice. No party will be prejudiced by the requested extension. The extension is sought jointly, both parties support it, and permitting mediation to proceed before dispositive motion briefing conserves the resources of the parties and the Court.

d. Good faith. This request is made in good faith and not for any improper purpose or to cause undue delay. The extension is sought to allow the parties a meaningful opportunity to resolve this matter before incurring the substantial cost of dispositive motion practice.

## II. PROPOSED REMAINING SCHEDULING ORDER DEADLINES

| *Current Deadline* | *Requested Deadline* |
|---|---|
| Dispositive Motion Deadline: **October 9, 2026** | **December 2, 2026** |
| Pretrial Order Deadline: 30 days after resolution of dispositive motion, or **November 10, 2026** | 30 days after resolution of dispositive motion, or **January 4, 2027** |

///

///

///

///

///

///

///

///

///

IT IS HEREBY STIPULATED AND AGREED that the deadline for the parties to file

dispositive motions is extended from October 9, 2026, to and including **December 2, 2026,** to accommodate a October or November 2026 private mediation. The deadline for the joint proposed pretrial order shall remain thirty (30) days after resolution of dispositive motions or thirty days after the newly proposed dispositive motion deadline, or **January 4, 2027**, consistent with the Court's scheduling order.

Dated this 7th day of October, 2026.

*/s/ Michael A. Burnette*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

*/s/ Guillermo M. Tello*
GUILLERMO M. TELLO
*Admitted Pro Hac Vice*
NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
CLARK HILL PLLC
1700 Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135

*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED.
Dated: October 7, 2026

.
.

Nancy J. Koppe
United States Magistrate Judge